```
                    UNITED STATES BANKRUPTCY COURT
                     EASTERN DISTRICT OF KENTUCKY
                         LEXINGTON DIVISION


IN RE:

ANGELA WEBB                                          CASE NO. 08-50649

DEBTOR

J. JAMES ROGAN, TRUSTEE,                                    PLAINTIFF

Vs.                                          ADVERSARY NO. 08-5080

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS
AURORA LOAN SERVICES, LLC
DANNY RAY WEBB
CITIMORTGAGE, INC.                                         DEFENDANTS
```

**MEMORANDUM OPINION**

These matters having come before the court upon Defendants, Aurora Loan Services, LLC's and Mortgage Electronic Registration Systems, Inc.'s Motion for Summary Judgment (DOC 30), and Plaintiff's Motion to Enter Summary Judgment against Defendant CitiMortgage, Inc. (DOC 31), and Response of the Defendant, CitiMortgage, Inc. to Trustee's Motion for Summary Judgment which includes a request to grant summary judgment to Citimortgage (DOC 57), and a hearing having been held on October 9, 2008, and the matters having been taken under submission, the court hereby issues this memorandum opinion.

Facts as to the first mortgage.

On October 22, 2005, debtor Angela Webb and defendant Danny Webb were married. Prior to her marriage to Danny Webb, debtor Angela Webb, applied for a loan with American Mortgage Company of KY, LLC to purchase the real property and improvements known as 226 Harmony Ridge Drive, Georgetown, Kentucky, in her maiden name of Arthur in either August or September of 2005. The debtor Angela Webb signed all loan

application documents as Angela L. Arthur with American Mortgage Company of KY, LLC.

On November 16, 2005, debtor Angela Webb and defendant Danny Webb purchased the real property and improvements known as 226 Harmony Ridge Drive, Georgetown, Kentucky, and were identified on the deed of conveyance as Angela Arthur Webb and spouse Danny Webb.

On November 16, 2005, debtor Angela Webb executed a note payable to First Magnus Corporation in the sum of $128,090.00 in her maiden name of Angela L. Arthur.

Payment of the November 16, 2005 note, in the principal amount of $128,090.00 was secured by a mortgage dated November 16, 2005, executed by Danny Webb and debtor Angela Webb in her maiden name of Angela L. Arthur, in which First Magnus Financial Corporation was identified as "Lender" and Mortgage Electronics Registration Systems, Inc. was identified as "mortgagee" acting solely as nominee for Lender and Lender's successors and assigns.

On November, 22, 2005, the mortgage securing repayment of the note was recorded in the Scott County Clerk's Office. The mortgage identified the mortgagors as Angela L. Arthur and spouse Danny Webb. The mortgage was not indexed by the Scott County Clerk in the name of Angela Arthur Webb.

On November 22, 2005, the deed of conveyance to debtor Angela Webb and defendant Danny Webb was recorded in the Scott County Clerk's Office.

The index maintained in the office of the Scott County Clerk indexes the November 16, 2005, deed of conveyance under the name of "Webb, Angela Arthur."

Facts as to the second mortgage.

On November 16, 2005, the debtor, Angela Webb and Danny Webb granted a mortgage in the original amount of $31,900.00 to First Magnus Financial Corporation in exchange for a loan in that amount. The second mortgage identifies the mortgagors as Angela Arthur Webb and Danny Webb. The debtor executed the second mortgage as "Angela Arthur." Danny executed the second mortgage as "Danny Webb." Angela Arthur is the same person listed in the mortgage granting clause as Angela Arthur Webb.

On November 22, 2005, the second mortgage was recorded in Scott County.

The interests in the note and mortgage were subsequently acquired by CitiMortgage

Conclusions of Law as to the first mortgage.

The recording of the November 16,2005, first mortgage did not provide the trustee with constructive notice of its filing pertaining to the 1/2 interest of debtor Angela Arthur Webb.

First, on October 22, 2005, when the debtor and Danny Webb were married, debtor's last name changed from Arthur to Webb. In Kentucky, a woman's last name can change upon marriage based upon a common law right to informally change names by public declaration. *See* Burke v. Hammonds, 586 S.W.2d 207 (KY. App. 1979). This court finds that since it is customary for a woman to change her name upon a public declaration of marriage that debtor did change her last name from Arthur to Webb at the date of marriage because there is no evidence that debtor made a public declaration that she was not changing her last name.

Second, a title search in the Scott County Clerk's Office for encumbrances against Angela Arthur Webb would not have disclosed the

mortgage as the mortgagor is Angela Arthur. *See* Affidavit of Joseph A. Wright, attorney at law, in DOC 54, Exhibit 6, paragraph 5.

Third, the Scott County Clerk's Office only maintains an index system where documents are indexed by the last name of the parties. *See* Affidavit of Joseph A. Wright, attorney at law, in DOC 54, Exhibit 6, paragraph 5. Thus the second mortgage did not give constructive notice of the first mortgage because the second mortgage is filed under the last name "Webb" while the first mortgage is filed under the last name "Arthur" which means that finding real estate owned by "Webb" would not disclose real estate owned by "Arthur."

The first mortgage should be avoided and preserved for the bankruptcy estate of debtor Angela Webb in the 1/2 interest.

Conclusions of Law as to the second mortgage.

The second mortgage properly appears in the chain of title for the property and encumbers debtor's interest in the property pursuant to the Scott County land records. It is clear that the person named in the body of the mortgage is the same person who signed the mortgage. Thus the fact that the signed name is different than the name identified as a mortgagor is not the same as when someone executes a mortgage when that person is not named in the body of the mortgage as in In re Padgitt, 2008 WL 4191517. The trustee cannot avoid the second mortgage.

This memorandum opinion constitutes the court's findings of fact and conclusions of law. A separate order shall be issued.


COPIES TO:

J. James Rogan, Esq.
Erica N. Galyon, Esq.
Nathan L. Swehla

```
Danny Ray Webb
```

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
***The affixing of this Court's electronic seal below is proof this document
has been signed by the Judge and electronically entered by the Clerk in the
official record of this case.***



**Signed By:
<u>Joseph M. Scott</u>
Bankruptcy Judge
Dated: Friday, December 05, 2008
(jms)**